**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund, | ) | |
| Midwest Operating Engineers Pension Trust Fund, | ) | |
| Operating Engineers Local 150 Apprenticeship | ) | |
| Fund, Construction Industry Research and | ) | |
| Service Trust Fund, and International Union of | ) | |
| Operating Engineers, Local 150, AFL-CIO, | ) | CIVIL ACTION |
| | ) | |
| | ) | NO. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Ana's Landscaping, an Illinois Limited Liability | ) | |
| Company, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, (collectively "the Funds"); Construction Industry Research Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union"), bring this action to require an audit and to collect contributions and dues from Defendant Ana's Landscaping, an Illinois Limited Liability Company ("Ana's Landscaping").

## COUNT I.     FUNDS SUIT FOR AN AUDIT

### Common Facts

1. The Union is an "employee organization" under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a "labor organization" under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2.      Defendant Ana's Landscaping is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Chicago, Illinois.

3.      In Ana's Landscaping corporate filings with the state of Illinois, it identified Ana Fuentes as Registered Agent (Exhibit A).

4.      On April 4, 2024, Ana's Landscaping, through Ana Fuentes, signed a Memorandum of Agreement (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement and successor collective bargaining agreements known as the Landscape Construction Labor Agreement (Equipment Operators) negotiated between the Union and the Illinois Landscape Contractors Bargaining Association (excerpts of the January 1, 2021 through December 31, 2024 agreement and the January 1, 2025 through December 31, 2028 agreement are attached as Exhibits C and D respectively).

5.      On April 4, 2024, Ana's Landscaping, through Ana Fuentes, signed a collective bargaining agreement with the Union binding it to the collective bargaining agreement known as the Landscape Construction Labor Agreement (Plantsman) (excerpts attached as Exhibit E) and all successor collective bargaining agreements (excerpts attached as Exhibit F.). (The collective bargaining agreements referenced in paragraphs four and five are collectively referred to as "CBAs").

6.      The CBAs and the Agreements and Declarations of Trust incorporated therein require Ana's Landscaping to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

7. The CBAs and Trust Agreements specifically require Ana's Landscaping to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBAs;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by their delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f) Furnish to the Funds a bond in an amount acceptable to the Funds; and

(g) Pay the Funds a non-compliance fee of $110.00 for each business day per fund that requested audit documents are not produced after 21 days from the demand for such documents.

8. The CBAs also require Ana's Landscaping to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBAs place the same obligations on Ana's Landscaping with respect to CRF as it does the Funds.

9. The CBAs further require Ana's Landscaping to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Ana's Landscaping does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

10. Ana's Landscaping has become delinquent in the submission of its reports and contributions to the Funds and CRF, and reports and dues to the Union. As a result of this

delinquency, it owes the Funds and CRF contributions, liquidated damages, interest, attorneys' fees, and other costs of collection and owes the Union dues, liquidated damages, attorneys' fees and other costs of collection.

## Jurisdiction and Venue

11. This Court has jurisdiction over this action pursuant to Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132, 1145; and pursuant to § 301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185; and 28 U.S.C. § 1331.

12. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

## Allegations of Violation

13. Ana's Landscaping has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

14. Ana's Landscaping is delinquent and has breached its obligations to the Funds and its obligations under the plans by failing and refusing to submit all of its contribution reports and its refusal to complete an audit as requested by the Funds.

15. The CBAs and Trust Agreements also require Ana's Landscaping to pay the Funds a non-compliance fee of $110.00 for each business day per fund that requested audit documents are not produced after 21 days from the demand for such documents.

16. The Funds on December 1, 2025, demanded that Ana's Landscaping perform its obligations as stated above, but Ana's Landscaping has failed and refused to so perform (attached as Exhibit G).

4

17.     On February 3, 2026, the Funds again demanded that Ana's Landscaping perform its obligations as stated above, but Ana's Landscaping has failed and refused to so perform (attached as Exhibit H).

18.     As of the date of the filing of this Complaint, Ana's Landscaping has incurred a non-compliance fee of $11,220.00, which continues to accrue per fund for every business day it fails to comply.

WHEREFORE, the Funds respectfully request that:

A.     An account be taken as to all employees of Ana's Landscaping covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Funds, covering the period of April 2024 through August 2024, and November 2025;

B.     Ana's Landscaping be ordered to pay any amounts determined to be due pursuant to such audit;

C.     Ana's Landscaping be ordered to submit all delinquent monthly contribution reports to the Funds stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

D.     Judgment be entered in favor of the Funds and against Ana's Landscaping for all costs of auditing Ana's Landscaping's records, including, but not limited to, payment of $110.00 non-compliance fee per business day per fund, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the plans and in ERISA;

E.     Ana's Landscaping be permanently enjoined to perform specifically its obligations to the Funds, and in particular, to continue submitting the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA; and

F.     The Funds have such further relief as may be deemed just and equitable by the Court, all at Ana's Landscaping's cost.

## COUNT II.   CRF SUIT FOR AN AUDIT

1-10.   CRF re-alleges and incorporates herein by reference paragraph 1 through 10 of Count I as if fully stated herein.

5

## Jurisdiction

11.     This Court has jurisdiction over this action pursuant to Section 301 of Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.

12.     Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties and each party is situated with this judicial district.

## Allegation of Violation

13.     The CBAs place similar obligations on Ana's Landscaping with respect to CRF as it does the Funds.  Ana's Landscaping is delinquent and has breached its obligations to the CRF by failing and refusing to submit all of its contribution reports and by its refusal to complete an audit as requested.

14.     The CBAs and Trust Agreements also require Ana's Landscaping to pay CRF a non-compliance fee of $110.00 for each business day per fund that requested audit documents are not produced after 21 days from the demand for such documents.

15.     On December 1, 2025, CRF demanded that Ana's Landscaping perform its obligations as stated above, but Ana's Landscaping has failed and refused to so perform. (See Exhibit G).

16.     On February 3, 2026, the CRF again demanded that Ana's Landscaping perform its obligations as stated above, but Ana's Landscaping has failed and refused to so perform (See Exhibit H).

17.     As of the date of filing this Complaint, Ana's Landscaping has incurred a non-compliance fee of $3,740.00, which continues to accrue for every business day it fails to comply.

WHEREFORE, CRF respectfully requests that:

A.      An account be taken as to all employees of Ana's Landscaping covered by the collective bargaining agreement or agreements as to wages received and hours

6

worked by such employees to determine amounts required to be paid to CRF, covering the period of April 2024 through July 2024;

B.  Ana's Landscaping be ordered to pay any amounts determined to be due pursuant to such audit;

C.  Ana's Landscaping be ordered to submit all delinquent monthly contribution reports to CRF stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

D.  Judgment be entered in favor of CRF and against Ana's Landscaping for all costs of auditing Ana's Landscaping's records, including, but not limited to, payment of $110.00 non-compliance fee per business day, and CRF's reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the plans and in ERISA;

E.  Ana's Landscaping be permanently enjoined to perform specifically its obligations to CRF, and in particular, to continue submitting the required reports and contributions due thereon to CRF in a timely fashion as required by the plans and by ERISA; and

F.  CRF receive such further relief as may be deemed just and equitable by the Court, all at Ana's Landscaping's cost.

## COUNT III.  SUIT TO COLLECT UNION DUES

1-10.  The Union re-alleges and incorporates herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

### Jurisdiction and Venue

11.  This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

12.  Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violation

13.  Ana's Landscaping has not submitted all of its dues reports to the Union.  Ana's Landscaping has failed to make timely payment of all dues.  Ana's Landscaping is required to

7

pay liquidated damages pursuant to the CBAs.  Accordingly, Ana's Landscaping is in breach of its obligations to the Union under the CBAs.

14.     That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Ana's Landscaping, there is a total of $1,454.34 estimated to be due to the Union from Ana's Landscaping before the assessment of fees and costs subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A.     Order Ana's Landscaping to submit all delinquent monthly dues reports;

B.     Enter judgment in favor of the Union and against Ana's Landscaping for all unpaid dues, liquidated damages, the Unions reasonable attorneys' fees and costs, including any amounts estimated to be due because Ana's Landscaping failed to submit all dues reports required by the CBAs;

C.     Enjoin Ana's Landscaping to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBAs; and

D.     Award the Union such further relief as may be deemed just and equitable by the Court, all at Ana's Landscaping's cost.

Dated: April 10, 2026                                    Respectfully submitted,

By:   /s/ Steven A. Davidson
      One of the Attorneys for the Plaintiffs

Attorneys for Local 150:                         Attorney for the Funds:

Dale D. Pierson *(dpierson@local150.org)*        Dale D. Pierson *(dpierson@local150.org)*
Steven A. Davidson *(sdavidson@local150.org)*    Steven A. Davidson *(sdavidson@local150.org)*
Local 150 Legal Department                       Institute for Worker Welfare, P.C.
6140 Joliet Road                                 6141 Joliet Road
Countryside, IL  60525                           Countryside, IL  60525
Ph: (708) 579-6663                               Ph: (708) 579-6663
Fx: (708) 588-1647                               Fx: (708) 588-1647